# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE R. JORDAN-SMITH, : | |
| : | Case No. 2:18-cv-286 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
| : | |
| **Defendant.** : | |

## **OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's February 1, 2019, **Report and Recommendation** (ECF No. 20), which recommended that Plaintiff's Statement of Errors (ECF No. 14) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## I. BACKGROUND

Plaintiff, Stephanie R. Jordan-Smith, filed applications for a period of disability, disability insurance benefits, and supplemental security income on September 13, 2013, alleging a disability onset on March 1, 2012. (R. at 15). After Plaintiff's applications were initially denied on May 14, 2014, and denied again on October 31, 3014, Plaintiff sought a hearing. *Id.* Plaintiff, represented by counsel, appeared and testified before an administrative law judge ("ALJ") at a hearing on January 6, 2017. *Id.* In addition, a vocational expert ("VE") appeared and testified at the hearing. *Id.*

The ALJ found Plaintiff was not disabled under the meaning of the Social Security Act. (R. at 35). In the decision denying Plaintiff benefits, the ALJ followed the required five-step

sequential analysis process for disability benefits claims. *See* 20 C.F.R. § 416.920(a)(4). At step one, the ALJ found the Plaintiff had not engaged in any substantial gainful activity since March 1, 2012. (R. at 18). At step two, the ALJ found Plaintiff suffered from severe impairments of "idiopathic intracranial hypertension; migraine headaches; nuclear sclerosis of the eyes; allergic rhinitis; RC tear; morbid obesity; an adjustment disorder with mixed depression and anxiety; and borderline intellectual functioning." *Id.* Further, the ALJ found Plaintiff had non-severe impairments of obstructive sleep apnea and gastroesophageal reflux disease. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 18-19). At step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") and stated Plaintiff had ". . .the residual functional capacity to perform light work. . .." (R. at 22). In light of the RFC, the ALJ found Plaintiff's allegations regarding her symptoms and limitations were not generally supported by substantial evidence. (R. at 31). Coupled with the VE's testimony, the ALJ decided even though Plaintiff is unable to perform her past work, she can execute jobs that exist in significant numbers in the national economy, pursuant to step five. (R. at 33-34). Therefore, the ALJ determined Plaintiff was not "disabled" under the term's meaning in the Social Security Act. (R. at 35).

Plaintiff alleges in her Statement of Errors that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his credibility analysis, and the ALJ improperly relied upon the VE's testimony at step five because it was based on a hypothetical question that was incomplete and inaccurate. (ECF No. 14).

On February 1, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. (ECF No. 20). The Appeals Council denied Plaintiff's request for review. (R. at 1). Plaintiff then objected to the Magistrate Judge's finding that the ALJ's credibility analysis is supported by substantial evidence. (ECF No. 21).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

### A. Credibility Determination

Plaintiff objects to the Magistrate Judge's finding that the ALJ's credibility analysis is supported by substantial evidence. (ECF No. 21). The Social Security Rulings ("SSR") organize decisions relating to Social Security Administration programs. SSR 96-7p governs the standard

in evaluation of symptoms in disability claims. More specifically, SSR 96-7p guides assessment of an individual's statements. Under SSR 96-7p, an ALJ must evaluate the overall credibility of a plaintiff's statements to determine credibility. SSR 96-7p, 1996 WL 374186 (July 2, 1996). But, SSR 16-3p supersedes 96-7p, and requires an ALJ to evaluate the intensity and persistence of symptoms to determine the extent that those symptoms limit a plaintiff's ability to perform work-related activities. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16-3p's purpose is to clarify the rules regarding subjective symptom evaluation, not to substantially change them. *Brothers v. Berryhill*, No. 5:16-cv-01942, 2017 WL 2912535, at *10 (N.D. Ohio June 22, 2017). This provision allows for an evaluation of the consistency of a plaintiff's statements as opposed to an evaluation of the plaintiff's character. SSR 16-3p at *8. SSR 16-3p ensures an ALJ considers a plaintiff's statements made during the administrative review process, any attempts to seek medical treatment for symptoms, and change of symptoms over time when evaluating credibility. *Id.*

SSR 16-3p lays out a two-part analysis. *Id.* This analysis requires an ALJ to ask "whether there is an underlying medically determinable physical impairment" that could reasonably be expected to produce the plaintiff's symptoms. If the ALJ finds such impairment exists, then she must "evaluate the intensity, persistence, and limiting effects of the symptoms" on the individual's ability to do work related activities. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Here, the ALJ found that although Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not wholly consistent with the evidence presented in the record. (R. at 23).

Moreover, credibility determinations based on "subjective complaints of pain" are made by the ALJ. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). This credibility determination must be supported by substantial evidence, which requires an ALJ to consider the entire record as a whole. *Brothers*, 2017 WL 2912535, at *11 (citing *Rogers*, 486 F.3d at 249). An ALJ's determination of a credibility decision must be sufficiently specific, clearly articulated, and explain the weight given to the individual's statements and the reason for such weight. SSR 96-7p, 1996 WL 374186 at *2. Additionally, an ALJ must consider factors relating to the severity of symptoms such as plaintiff's daily activities, effectiveness of medication, and intensity of pain. 20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ rightly determined objective evidence did not support Plaintiff's subjective complaints; this conclusion also allowed the ALJ to revise his assessment of Plaintiff's credibility. (R. at 23). First, the ALJ found Plaintiff's testimony of her intent to return to work was inconsistent with Plaintiff's applying for disability. (R. at 29-30). Plaintiff's intention to return to work connotes a belief that she could currently engage in work related activities. (R. at 29). Plaintiff's belief in her ability to work conflicts with the claim that she is disabled. Due to this inconsistency, the Magistrate Judge did not err by considering Plaintiff's intent to return to work in assessing her credibility. *See Hickey v. Colvin*, No. 3:14CV00264, 2015 WL 4575179, at *7 (S.D. Ohio July 29, 2015) (affirming credibility assessment partly due to the plaintiff's expressed desire to return to work or school).

Moreover, the Magistrate did not err by concluding the ALJ reasonably considered the whole record and properly discounted Plaintiff's credibility based on her activities of daily living. (R. at 29-31). The ALJ stated in his decision he considered all evidence including every

5

claim of physical pain made by the Plaintiff. (R. at 20-29). Subjective complaints of pain or other symptoms are relevant to establishing a disability but are not conclusive evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2009) (citing *Buxton v. Halter*, 246 F.3d 762, 763 (6th Cir. 2001)) (finding plaintiff's assessment of pain partially credible due to an inconsistency between his own testimony of daily activities and the claim of disabling pain).

The Code of Federal Regulations states that daily activities may be used as a factor in considering symptom severity. § 404.159(c)(3). An ALJ is not required to discuss every piece of evidence used to justify the final decision. *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)). In this case, even though Plaintiff is unable to help her daughter with homework and requires help from her mother, those are not conclusive in regard to her daily activities. (R. at 30, 65-66, 756). The record indicates Plaintiff was able to operate a motor vehicle, even if she opted not to, acted as head of household, and even occasionally helped her husband with work. (R. at 30). Also, Plaintiff shared the responsibility of cooking and cleaning with her mother, indicating Plaintiff was not fully reliant on her mother for help. *Id.* Additionally, the record notes the doctor *suggested* extra help, but Plaintiff was not *prescribed* home health care. *Id.* Plaintiff says she still takes her daughter to activities even though she cannot coach anymore. (R. at 57, 756). Even though Plaintiff says she used to stay in touch with her friends, she still talks to her family on a consistent basis. (R. at 756). The combination of these factors the ALJ considered show he relied on more than the consultative examination. The daily activities Plaintiff can accomplish, weighed against the evidence in totality, presents an inconsistency with Plaintiff's claim of disabling pain. In light of the evidence taken as a whole, the Magistrate did not err by concluding the ALJ was justified in considering Plaintiff's daily activities to assess credibility.

The Magistrate did not err by finding Plaintiff made inconsistent statements and concluding her complaints of pain were not fully credible. The record indicates Plaintiff was not observed in acute distress on multiple occasions despite Plaintiff's claim of significant pain. (R. at 29-30). An ALJ can rely on medical opinions of severity of distress to partly determine credibility. *See Ison v. Acting Comm'r of Soc. Sec.*, No. 2:16-CV-00464, 2017 WL 4124586, at *10 (S.D. Ohio Sept. 18, 2017) (finding there was no evidence that plaintiff was in acute distress after reviewing medical opinions of physicians and medical examiners). Here, Plaintiff did not appear to be in acute distress during multiple examinations given by various physicians. (R. at 30 (citing R. at 402, 509, 514, 772)). Thus, the Magistrate did not err in adopting the ALJ's finding.

The Magistrate did not err in affirming the ALJ's decision to give less credit to Plaintiff's testimony because she did not seek consistent mental health treatment. (R. at 23). Plaintiff argues she never testified the depression was disabling. However, Plaintiff did say the depression limited her ability to work. (R. at 101-02). In addition, Plaintiff tested positive for depression and took medication for these symptoms. (R. at 28, 810). Since the depressive symptoms did have a negative effect on Plaintiff's ability to work, the Magistrate did not err in adopting the ALJ's ruling to discredit Plaintiff's credibility.

Finally, the Magistrate did not err in holding the ALJ's reasoning that issues of non-compliance detract from Plaintiff's credibility. Plaintiff's statements "may be less credible if…the medical reports or records show the individual is not following the treatment as prescribed and there are no good reasons for this failure." *Collins v. Comm'r of Soc. Sec.*, No. 3:16-CV-356, 2017 WL 3124158, at *5 (S.D. Ohio July 24, 2017) (citing SSR 96-7p, 1996 WL 374186, at *7). Plaintiff offers lack of insurance as the reason for her noncompliance. However, the ALJ noted many instances when Plaintiff's noncompliance was separate from her lack of

insurance such as only taking medication as needed instead of as prescribed and failing to use the CPAP as directed. (R. at 376). Moreover, even though Plaintiff still had headaches with medication and placement of the shunt, Plaintiff testified the headaches "were not as bad as they used to be." (R. at 577). In addition, the doctor noted Plaintiff's headaches after medication were controlled, considered intermittent, and mild to moderate severity. (R. at 578, 1404). Further, Plaintiff said her symptoms were worse when she did not take her medication as directed. (R. at 25, 1309). Due to the success of prescribed medication and additional prescribed remedies, Plaintiff's noncompliance detracts from her credibility.

Ultimately, the Magistrate properly evaluated Plaintiff's allegations relating to her symptoms and substantial evidence supports the credibility assessment. The findings were within the ALJ's discretion. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (giving the ALJ a "zone of choice" to make a credibility determination as long as that choice is reasonable). Thus, the Court will not re-weigh the evidence. The Magistrate's decision to adopt the ALJ's reasoning is not in error.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

   s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 7, 2019**